■ LEONARD DELMAN et al., Respondents-Appellants, v NAS-RALLAH MISK, Appellant-Respondent. [614 NYS2d 285] —In an action to recover the proceeds of promissory notes, the defendant appeals from so much of a resettled order of the Supreme Court, Queens County (Smith, J.), dated August 19, 1993, as granted that branch of the plaintiffs' motion which was for summary judgment on the issue of liability and the plaintiffs cross-appeal from so much of the same order as denied that branch of their motion which was for summary judgment on the issue of damages.

Ordered that the resettled order is affirmed insofar as appealed from, without costs or disbursements.

The summons and complaint in this action were served on August 6, 1990. On September 28, 1990, default judgments were entered against the defendant, and on December 19, 1990, the defendant moved to vacate the default judgments. The court (Price, J.) held a traverse hearing on March 8, 1991, subsequent to which it issued an order, *inter alia,* conditionally vacating the defendant's default *(see, Delman v Misk,* 205 AD2d 576 [decided herewith]).

The defendant argues that the comments made by Judge Price at the close of the traverse hearing were law of the case on the issue of the viability of their "demand" defense and accordingly raise a triable issue of fact with regard to the issue of liability. We disagree. The comments, made within the context of determining the motion to vacate the default judgments, were "made upon a different record and in application of a different standard of review" *(Congress Talcott Corp. v Pacemakers Trading Corp.,* 177 AD2d 459, 460).

Because there exist issues of fact as to the exact amount which the defendant owed the plaintiffs, it was proper for the court to set the question of damages down for a hearing.

We have reviewed the defendant's remaining contentions and conclude that they are without merit. Sullivan, J. P., Pizzuto, Joy and Goldstein, JJ., concur.

■ WINSTON DENNIS, an Infant, by His Mother and Natural